IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW WHITTENBERG,

    Petitioner,

vs.                                                               Case No. 21-cv-128 MV-KK

JOHN T BECKSTEAD,

    Respondent.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Petitioner Andrew Whittenberg's Untitled *Pro Se* Letter Regarding Attorney Conflicts (Doc. 1) (Letter-Petition). Whittenberg is a pretrial detainee at the San Juan County Adult Detention Center. His detention relates to an alleged parole violation and new state charges. In 2015, the state court sentenced Whittenberg to 18.5 years in prison, with 13.5 years suspended. *See* Doc. 1 at 1. He was paroled in May of 2020 but arrested two months later for assault, car theft, unlawful possession of a firearm, and tampering with evidence. *Id.* The state court set a trial on May 18, 2021 to address the new charges and the alleged parole violations. *Id.* In the instant Letter-Petition, Whittenberg alleges that the state court appointed John Beckstead as defense counsel, even though Beckstead was the prosecuting attorney in Whittenberg's 2015 criminal case. *See* Doc. 1 at 1. Whittenberg contends that Beckstead has a conflict of interest and is biased against him. *Id.*

    While these allegations are concerning, it appears that Whittenberg intended to send the Letter-Petition to the New Mexico Supreme Court ("NMSC"). The Letter-Petition is addressed to: "Supreme Court, To Whom it May Concern." *See* Doc. 1 at 1. The envelope is similarly addressed to the "New Mexico State Supreme Court." *Id.* at 2. Whittenberg's use of the Federal

Court's street address is akin to filing a case in the wrong federal venue. District courts may *sua sponte* consider the issue of improper venue when the jurisdictional defects are clear from the face of the opening pleading. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). The Court may also transfer a case to any district where venue is proper, in the interest of justice and in lieu of dismissal. *See Johnson v. Christopher*, 233 F. App'x 852, 854 (10th Cir. 2007) ("To be sure, the district court has discretion … to transfer [an inmate's] case" *sua sponte*). Relevant factors when considering a transfer include: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith…." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). *See also Faulkenburg v. Weir,* 350 F. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a venue transfer).

Considering these factors, the Court will transfer this matter to the NMSC. There is no applicable time-bar, and the Letter-Petition raises a good faith, colorable claim that the state court may need to appoint replacement counsel. The Court also finds that a transfer to the NMSC is the most efficient way for Whittenberg to raise the issue before his May 2021 trial. Construing the Letter-Petition as a federal habeas petition under 28 U.S.C. § 2241 is premature, since Whittenberg has not yet exhausted state remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (petitioner must exhaust all available remedies, including presenting the federal claim to the state supreme court, before obtaining habeas relief under § 2241). In addition to the NMSC transfer, the Court will direct the Clerk's Office to send a courtesy copy of the Letter-Petition to the state district court, for inclusion in that record.

If the state courts decline to grant relief, Whittenberg may file a § 2241 petition for federal

2

habeas relief. The Clerk's Office will mail Whittenberg a blank § 2241 petition, so that he has it if such filing becomes necessary.

**IT IS ORDERED** that the Clerk's Office shall **TRANSFER** Andrew Whittenberg's Untitled *Pro Se* Letter Regarding Attorney Conflicts (**Doc. 1**) to the New Mexico Supreme Court, with a **COPY** to New Mexico's Eleventh Judicial District Court, County of San Juan, in Farmington, New Mexico, Case No. D-1116-CR-2020-00758.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Whittenberg a blank habeas petition under 28 U.S.C. § 2241.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE